UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:09-00011 |
| | ) | JUDGE CAMPBELL |
| BODROGI FONTAIN WHITE | ) | |

MEMORANDUM AND ORDER

Pending before the Court is a Motion To Reduce Sentence Pursuant To §§ 3582(c)(2), 3582(1)(b), and 1B1.10 (Docket No. 41), filed by the Defendant, pro se, and an Amended Petition For Relief Under Retroactive Crack Cocaine Amendment (Docket No. 43), filed by counsel for the Defendant. The Government has filed a Response (Docket No. 46) to the Motion and Amended Petition, and the Defendant has filed a Reply (Docket No. 47) in support.

Through the Motion and Amended Petition, the Defendant requests that the Court reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the United States Sentencing Guidelines that lowered the base offense level for individuals convicted of offenses involving cocaine base, or crack. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 750 to the Sentencing Guidelines, which became effective on November 1, 2011, the Sentencing Commission lowered the base offense level for cocaine base, or crack, set forth in Sentencing Guideline Section 2D1.1, and through Amendment 759 to Sentencing Guideline Section 1B1.10(c), that change was made retroactive. Subsection (a) of Sentencing Guideline Section 1B1.10 addresses application of retroactive amendments:

> (1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

The Defendant pled guilty in this case, pursuant to a Plea Agreement, to possession with intent to distribute and distribution of cocaine and cocaine base, or crack. (Docket Nos. 29, 44). Through the Plea Agreement, entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a sentence of 72 months of imprisonment. (Docket No. 29, at ¶ 12). The parties also agreed that the Defendant was a Career Offender under the Sentencing Guidelines, and that the Recommended Guidelines Range was 151-188 months of imprisonment. (Id., at ¶ 11).

At sentencing, the Court determined that the Defendant was a Career Offender, and that

2

the advisory sentencing guideline range was 151-188 months of imprisonment. (Transcript of Sentencing Hearing, at 2-3 (Docket No. 45)). Pursuant to the Plea Agreement, however, the Court imposed a sentence of 72 months. (Id., at 5; Docket No. 34, at 2).

The Defendant argues that he is eligible for a reduction in his sentence based on the Supreme Court's recent decision in United States v. Freeman, ___ U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011). In Freeman, a plurality of the Supreme Court held that 18 U.S.C. § 3582(c)(2) does not bar a defendant who agreed to a specific sentence through a Rule 11(c)(1)(C) plea agreement from seeking a sentence reduction based on the amendment to the crack cocaine sentencing guideline. Justice Sotomayor's concurring opinion in Freeman is the narrowest ground for the Court's decision, and therefore, represents the Court's holding. United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011). Justice Sotomayor concluded that "if a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." 131 S.Ct. at 2695 (Sotomayor, J., concurring); Smith, 658 F.3d at 611.

Defendant argues that the 72-month sentence agreed to by the parties is "based on" the now-amended crack cocaine sentencing guideline because it represents a roughly mathematical midway point between the advisory guideline sentencing range using the career offender guideline, U.S.S.G. § 4B1.1, to establish the base offense level of 29, and the drug quantity (crack cocaine) guideline, U.S.S.G. § 2D1.1, to establish the base offense level of 10. The language of the Plea Agreement in this case, however, clearly indicates that the applicable

3

advisory guideline sentencing range was based on the career offender guideline:

> a. **Offense Level Calculations**
>
> i. Pursuant to U.S.S.G. § 4B1.1, defendant qualifies as a Career Offender because he was at least eighteen years old at the time of the instant offense, the instant offense of conviction is a felony that is a controlled substance offense, and defendant has at least two prior felony convictions of a controlled substance offense and a crime of violence. Pursuant to U.S.S.G. § 4B1.1(b)(C), the defendant's offense level is 32.
>
> ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)...
>
> b. **Criminal History Category.** The parties agree that the defendant's Criminal History Category is VI under U.S.S.G. § 4B1.1(b) because he is a Career Offender.
>
> c. **Sentencing Range.** Therefore, the parties agree to recommend to the Court a final offense level of 29 (the '**Recommended Offense Level**')....
>
> When combined with the anticipated Criminal History Category of VI, the Recommended Offense Level would result in a recommended advisory sentencing range of 151-188 months imprisonment (the '**Recommended Guidelines Range**')....

(Docket No. 29, at 6-7). At the change of plea hearing, the parties referenced various reasons for agreeing to a sentence below the advisory sentencing guideline range: the small drug quantity involved, the lack of any evidence of violence, litigation risks, and other unspecified facts and circumstances. (Transcript of Plea Hearing, at 20-21 (Docket No. 44)). The parties did not specifically state the mathematical calculations that led them to the 72-month sentence, nor did they mention the crack cocaine guideline.

At the sentencing hearing, the Court determined that the Defendant was a Career

4

Offender, and that the applicable advisory guideline sentencing range was 151-188 months. (Sentencing Transcript, at 2-3). Noting that the agreed sentence of 72 months was substantially below that range, the Court agreed to impose the agreed sentence as sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. (Id., at 5).

Despite Defendant's argument to the contrary, there is no indication in the Plea Agreement, the Presentence Investigation Report, or the transcripts of the change of plea hearing and the sentencing hearing that the 72-month agreed sentence was "based on" an advisory guideline sentencing range in which the base offense level was determined by reference to the crack cocaine guideline.

The Defendant also cites the Sixth Circuit's decision in United States v. Jackson, 678 F.3d 442 (6th Cir. 2012), which did not involve a Rule 11(c)(1)(C) plea agreement, as authority for granting sentence reductions to defendants who qualified as career offenders, but were sentenced below the career offender range. In Jackson, the defendant pled guilty to a crack cocaine offense, but qualified as a career offender under the guidelines. The district court, however, chose to sentence the defendant below the career offender guideline range to a sentence that fell within the range that would have applied had the crack cocaine guideline determined the applicable range. The Sixth Circuit determined that the defendant was eligible for re-sentencing under the amended crack cocaine guideline because the sentence was "based on" the crack cocaine guideline rather than the career offender guideline.

Unlike Jackson, the parties in this case agreed on a sentencing range, and the Court calculated a sentencing range, that was based on the career offender guideline and not the crack cocaine guideline. That the parties agreed to a sentence below that range does not establish that

5

the sentence was "based on" the crack cocaine sentencing guideline.[1] Because the sentencing guideline range for the Defendant, as a Career Offender, has not been subsequently lowered, he is not eligible for a sentence reduction under 18 U.S.C. § 3582. Accordingly, Defendant's Motion To Reduce Sentence (Docket No. 41) and Amended Petition For Relief (Docket No. 43) are DENIED.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] Even if the agreed sentence specifically reflected a departure to the crack cocaine sentencing guideline range, however, the Court notes that the Commentary to Sentencing Guideline Section 1B1.10 makes clear that to be eligible for a reduction under 18 U.S.C. § 3582(c)(2), the amended guideline must have been applied in reaching the defendant's sentencing guideline range "before consideration of any departure provision in the guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. N. 1(A).